# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIA N. PICARD | CIVIL ACTION |
| VERSUS | NO: 08-0824 |
| ST. TAMMANY PARISH HOSPITAL | SECTION: "R" (4) |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 19)** filed by the Defendant, St. Tammany Parish Hospital ("the Hospital"). In its motion, the Hospital seeks the recovery of attorney fees in the amount of $3,097.50. (R. Doc. 19-3, p. 2.) The Plaintiff, Maria N. Picard ("Picard") opposes the motion. (R. Doc. 20). The motion was heard without oral argument on Wednesday, November 5, 2008.

## I.     Factual Summary

Picard filed the subject action contending that the Hospital violated federal employment laws prohibiting discrimination based upon disability and/or handicap. (R. Doc. 1, ¶ II). Picard alleges that, on November 25, 2006, she requested but allegedly was denied reasonable accommodations from her employer, the Hospital. (R. Doc. 1, ¶ IV). She requested these accommodations in order to be able to perform her job as a medical transcriptionist, despite the impediments caused by her neuromuscular disease. (R. Doc. 1, ¶ IV). Picard alleges that she is handicapped and needed accommodations, but instead was retaliated against for having requested the accommodations. (R. Doc. 1, ¶ V-VI). She further claims that she was forced to resigned from her employment, allegedly due to the retaliation. (R. Doc. 1, ¶ VI).

On August 27, 2008, the Hospital filed a Motion to Compel Plaintiff's Discovery Responses. (R. Doc. 11). The motion was granted as unopposed on October 17, 2008, and the Hospital was instructed to file a motion to fix attorney's fees. (R. Doc. 17, p. 2). Accordingly, on October 24, 2008, St. Tammany complied with the Order and filed the instant motion, wherein it seeks a fee award of $3,097.50 for a total of 10.50 hours of work performed by its counsel of record, Charles H. Hollis ("Hollis"). (R. Doc. 19).

Picard opposes the motion, arguing that the fee entries submitted by Mr. Hollis are unreasonable because they contain: duplicate entries; block billings; hourly rates which exceed the State of Louisiana mandated rates; time entries which appear to be rounded up; and time entries that appear excessive for an attorney with his years of experience. (R. Doc. 20, p. 5). She emphasizes that Hollis spent nine hours drafting two rudimentary and formulaic motions. (R. Doc. 20, p. 4). According to Picard, the Hospital is entitled to a maximum fee of no more than $600.00. (R. Doc. 20, p. 6).

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III. Analysis

#### A. Calculating a Reasonable Hourly Rate

The fee application submitted by the Hospital seeks to recover fees for services rendered by Mr. Hollis in connection with the earlier filed Motion to Compel Plaintiff's Discovery Responses. (R. Doc. 11). Hollis attests that he has been practicing law for over 27 years and that his hourly rate is $295.00.

Attorney's fees are to be calculated at the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In the instant case, it is uncontested that the relevant community here is the legal market in New Orleans, Louisiana.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In the instant case, it is uncontested that the relevant community here is the legal market in New Orleans, Louisiana. The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

The Hospital submitted the Declaration of its attorney, Charles Hollis, in support of the

4

subject motion to fix attorney's fees. (R. Doc. 19-4). Hollis attests that he is counsel of record for the Hospital and that he graduated from the University of Georgia School of Law in June of 1981. (R. Doc. 19-4, p. 1). He indicates that he focuses his practice in the area of labor and employment law. (R. Doc. 19-4, p. 1). Hollis further states that he has represented hundreds of employers in hundreds of employment lawsuits before both state and federal courts. (R. Doc. 19-4, p. 1). He also indicates that he has worked exclusively with the Kullman Firm since becoming a licensed attorney. (R. Doc. 19-4, p. 1). Hollis currently serves in a leadership capacity, as Treasurer of the Law Firm and as a member of its Board of Directors. (R. Doc. 19-4, p. 1).

Hollis's billable rate is $295.00 per hour. (R. Doc. 19-4, p. 1). He indicates that he believes that his rates are comparable to other New Orleans attorneys who perform similar work. (R. Doc. 19-4, p. 1). He submitted the Declarations of Sidney F. Lewis, V and Thomas J. McGoey, II attesting to that fact. (R. Doc. 19-5; R. Doc. 19-6).

In considering the issue of whether the rate charged is reasonable, the Court looks to case law regarding similarity of years of experience. For example, in *Downey v. Strain,* an attorney with 24 years of experience was awarded only $225.00 per hour. Civ. A. No. 04-2593-SS, 2006 WL 1581234, at *5 (E.D. La. Jun. 5, 2006) (Shushan, M.J.). Further, in a voting rights case in which the attorney had 30 years of experience, plus judicial experience as a former federal judge, the Court found that a rate of $250.00 was reasonable. *See Health Net, Inc. v. Wooley*, *Mitchell* No. 06-845-D-M2, 2007 WL 3331662, at *3 (M.D. La. Oct. 4, 2007) (citing *Sorapuru v. Mitchell*, No. 05-2524, R. Doc. 63) (E.D. La. 2004). Considering the market rate in Louisiana as demonstrated by a review of other cases involving attorneys with similar years of experience, the Court finds that $250.00 per hour is a reasonable billing rate for Hollis.

5

## B. Determining the Reasonable Hours Expended

The party seeking attorneys' fees must present adequately documented time records to the court. *Watkins v Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). As a general proposition, all time that is excessive, duplicative, or inadequately documented should be excluded from any award of attorney's fees. *Raspanti v. United States Dept. of the Army,* Civ. A. 00-2379, 2001 WL 1081375, at *6 (E.D. La. Sept. 10, 2001). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, . . . proving that they exercised billing judgment." *Walker,* 99 F.3d at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended. *Hensley,* 461 U.S. at 434.

In reviewing the time sheets submitted by Hollis, the Court notes that the Hospital seeks a fee award for 10.50 hours of work performed. (R. Doc. 19-6, Ex. A.). Hollis's time sheets indicate that it took him 4.00 hours to prepare a motion to compel consisting of a single paragraph. Presumably, his entry includes the supporting memorandum. Nonetheless, the Court finds that the time allotted for preparation of the subject motion is excessive, as the memorandum is only three pages long. Hollis also noted that, on August 27, 2008, he spent another 1.50 hours working on the subject motion. Given the fact that the motion and supporting memorandum were rather simplistic, the Court finds that an award of 2.00 hours is more appropriate for the preparation of these pleadings.

Additionally, Hollis's time sheet indicates that he spent 3.50 hours studying the two-page

6

Order issued by the undersigned, communicating with his client, and drafting the motion to fix attorney's fees. (R. Doc. 19-6). Again, the Court finds that the time noted is excessive. Instead, the Court determines that 1.50 hours is a more reasonable amount of time to have completed the tasks noted above.

In light of the foregoing, the Court grants the Hospital's request for fees as follows: 2.00 hours expended by Hollis on the motion to compel and 1.50 hours for the work performed on the instant motion for attorney fees, at an hourly rate of $250.00. Therefore, the Hospital is awarded $875.00 for a total of 3.50 hours performed, calculated at a rate of $250.00 per hour.

C.  **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

IV.  **Conclusion**

Accordingly,

**IT IS ORDERED** that St. Tammany Parish Hospital's **Motion to Fix Attorney's Fees (R. Doc. 19)** is hereby **GRANTED**. The Court finds that a total fee award of **$875.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** Maria N. Picard shall satisfy her obligation to St. Tammany

Parish Hospital no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 27th day of March 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**