UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIA PICARD | CIVIL ACTION |
| VERSUS | NO: 08-824 |
| ST. TAMMANY PARISH HOSPITAL | SECTION: R |

### ORDER AND REASONS

Before the Court is defendant's Motion in Limine to Exclude Social Security Disability Information and Incorporated Memorandum (R. Doc. 61). In this suit, plaintiff Martha Picard filed suit under the Americans with Disabilities Act ("ADA") against her former employer, the St. Tammany Parish Hospital. She alleges that defendant failed to make reasonable accommodations for her affliction, Charcot-Marie-Tooth disease, before she resigned her position in November of 2006. Plaintiff seeks to introduce evidence at trial that Picard is considered disabled for Social Security purposes and qualifies for benefits.

Defendant now moves to exclude this evidence under Federal Rules of Evidence 401, 402, and 403. It argues that the evidence is irrelevant and should be excluded for two reasons. First, the definition of disability under the Social Security program differs from that under the ADA, and a determination of disability for Social Security purposes does not automatically establish disability under the ADA standard. Second, the

1

determination that Picard was disabled under the Social Security standard was made a year and a half after she resigned her position with defendant, and it bears no relevance as to whether she was disabled during her employment.  Defendant contends that the Court should exclude this evidence because its tendency to confuse and mislead the jury would outweigh its probative value.

Plaintiff responds by arguing that claims for Social Security benefits and claims under the ADA are not mutually exclusive, and that an application to the Social Security Administration can be raised as a defense to an ADA claim, which implies its relevance.  She further claims that the condition that led to a finding of disability for Social Security purposes is the same condition at the heart of her ADA claim, and the evidence is thus relevant.

The ADA prohibits discrimination "against a qualified individual with a disability."  42 U.S.C. § 12112 (2006).[1]  A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  *Id.* § 12111(8).  In turn, a

---

[1] The ADA was amended in 2008, but the changed provisions do not apply retroactively to the complained-of conduct here.  *See* ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008); *see also E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009) (citing *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 (1994)).  Statutory references will be to the version in effect at the time of the relevant conduct.

"disability" is "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." *Id.* § 12102(2)(A). An employer discriminates against a disabled person for "not making reasonable accommodations to the known physical limitation of an otherwise qualified individual with a disability who is an . . . employee." *Id.* § 12112(b)(5)(A).

Under the Social Security Act, a "disability" is "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is disabled under this standard "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* § 423(a)(2)(A).

The Supreme Court has acknowledged that these standards differ. In *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999), the Court noted that in many cases, Social Security

disability status, which requires that an individual be unable to engage in gainful work that exists in the national economy, will be mutually exclusive with an ADA claim that requires a plaintiff to be able to perform essential functions of employment. *Id.* at 805-06. Although there are other situations in which the two conditions will not contradict one another, *id.* at 802-03, a plaintiff in an ADA case must explain why her disability status under the Social Security Act is not fatal to her ADA claim. *Id.* at 806.

Despite the clear difference in the requirements of the two statutes, it may sometimes be the case that evidence of a plaintiff's disability status under the Social Security Act will prove relevant to a claim of disability under the ADA. This is not the case here, however, where there is a significant delay between the alleged failure to accommodate and the qualification for Social Security disability benefits. The parties do not contest that plaintiff was not granted Social Security benefits until June of 2008. Plaintiff argues that she has been affected by her condition since her employment with defendant, but she does not argue that she has met the Social Security standard for disability since that time. Her disability status under the Social Security standard in June of 2008 is not, without more, relevant to whether she was disabled under the ADA standard before November of 2006, when her employment with defendant was

terminated.

Defendant's motion is therefore GRANTED.


New Orleans, Louisiana, this __10th__ day of December, 2009

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**